Edwin Arman William PALIT,
Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70263.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 20, 2008.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Edwin Arman William Palit, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The agency denied Palit's asylum application as time barred. Palit does not challenge this finding.

Substantial evidence supports the agency's denial of withholding of removal because Palit's experiences do not constitute past persecution, *see id.* at 1016–18, and Palit has not demonstrated any basis for past persecution under *Hernandez–Ortiz v. Gonzales*, 496 F.3d 1042, 1045–46 (9th Cir.2007). In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004) applies in the context of withholding of removal, Palit failed to establish that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003).

Substantial evidence also supports the agency's determination that Palit is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**